# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **FRANKLIN G. BROGDON,**<br><br>   Plaintiff,<br><br>v.<br><br>**PMCS, INC.,**<br>**POLARMATIC FLORIDA, LLC, and**<br>**MIKE HOBSON, jointly and severally**,<br><br>   Defendants. | Civil Action No. 7:12-CV-160 (HL) |

## ORDER

Plaintiff Franklin G. Brogdon filed suit against PMCS, Inc., Polarmatic Florida, LLC, and Mike Hobson alleging that he is due repayment of a loan made to the Defendants. However, the Court must dismiss the complaint because it lacks subject matter jurisdiction over the claims.

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank of Thomasville, Ga., 363 F.App'x 11, 15 (11th Cir. 2010). If a court "determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Plaintiff alleges in his complaint that the Court has subject matter jurisdiction over this action based upon diversity of citizenship. The district courts of the United States have jurisdiction over civil actions in which the parties are

citizens of different states and the amount in controversy is more than $75,000, not including interest and costs. 28 U.S.C. § 1332. "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005), *abrogated on other grounds by* Hertz Corp. v. Friend, --- U.S. ---, 130 S.Ct. 1181 (2010). Plaintiff alleges he is a resident of Georgia. (Compl. ¶ 1). He also alleges that Defendant Mike Hobson is a resident of Georgia. (Compl. ¶ 3).[1] As Plaintiff and Hobson are both Georgia citizens, there is not complete diversity of citizenship between Plaintiff and the Defendants. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Because there is no diversity jurisdiction, and the complaint does not set forth a federal question, the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. This dismissal is without prejudice.

**SO ORDERED**, this the 5th day of December, 2012.

                                        *s/ Hugh Lawson*
                                        **HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] For purposes of this Order, the fact that Plaintiff alleges state of residence rather than state of citizenship in his complaint does not matter. However, the Court notes that Plaintiff did not properly plead citizenship for any of the parties and should correct that problem in the event he re-files his complaint in federal court.